entitled to examine defendant with respect to defendant's knowledge of the falsity of the article for the purpose of showing malice or to establish a basis for punitive damages. (*Mason* v. *New York Review Pub. Co.*, 154 App. Div. 651; *Guenther* v. *Ridgway Co.*, 159 App. Div. 74.) Carswell, Acting P. J., concurs with Johnston, J.

BESSIE TAFFEL, Appellant, v. MURRAY W. TAFFEL, Respondent.—

The record on appeal does not disclose whether the limitation of the fine to $180 was based on a finding that the arrears were not more than that, or whether the fine was limited to a portion of the arrears, in discretion. If based on a finding that the arrears were only $180, the finding would be incorrect, as undoubtedly based on a requirement to pay $10 a week and not $25 a week. (See *Bartenbach* v. *Bartenbach*, 271 App. Div. 799.) The issues upon which the several applications are based can best be determined in this matter after a hearing. Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ., concur. [See *post*, p. 1024.]

DOROTHY TISI, Respondent, v. NICOLAS TISI, Appellant.—

The defendant does not dispute the showing that he willfully defaulted. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur. [See *post*, p. 1024.]

TOWN OF GREENBURGH, Respondent, v. DOMINICK SAN MARCO et al., Appellants.—

No opinion. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.